**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
JONATHAN BARAM, an Individual,

                                                   Case No. 1:23-cv-01758 (ER)

                Plaintiff,

            -against-

JANE DOE, an Individual; DɪCELLO
LEVITT fka DɪCELLO LEVITT GUTZLER,
a Law Firm; THE HABA LAW FIRM, P.A.,
a Law Firm; FARZIN FRANKLIN AMANAT,
ESQ., an Individual; GREG GARRELL
GUTZLER, ESQ., an Individual; and
LISA HABA, ESQ., an Individual,

                Defendants.
------------------------------------------------------------X

 

 

### MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS DɪCELLO LEVITT LLP; THE HABA LAW FIRM, P.A.; F. FRANKLIN AMANAT, ESQ.; GREG GARRELL GUTZLER, ESQ; AND LISA HABA, ESQ. IN SUPPORT OF THEIR <u>MOTION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT</u>

 

 

*Of Counsel:*
Brett A. Scher, Esq.
Anthony J. Proscia, Esq.

**KAUFMAN DOLOWICH & VOLUCK, LLP**
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

*Attorneys for Defendants*
*DiCello Levitt LLP; The Haba Law Firm, P.A.;*
*F. Franklin Amanat, Esq.; Greg Garrell Gutzler, Esq.; and Lisa Haba, Esq.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF PERTINENT FACTS ......................................................................... 2

      A.    Baram's And Nygard's Sex Trafficking And Sexual Assault Of Doe......2

      B.    Baram's Sex Trafficking Scheme With Nygard…………………………..3

      C.    Doe's Lawsuit Against Baram And His Company, WBM………………..3

      D.    The Court's Denial Of Baram's Motion To Dismiss Doe's Claims Against Him Premised On Expiration Of Statute Of Limitations...............................................................................................4

      E.    The Court's Denial Of Baram's Motion For Leave To Assert A Defamation Counterclaim And To Strike Portions Of The Complaint And The Press Release…………………………………………………………5

          i.    Baram's Motion To Assert Defamation Counterclaims…………..5

          ii.    Baram's Motion To Strike………………………………………...6

      F.    Doe's Voluntary Dismissal As Against Baram, Individually, Without Prejudice……………………………………………………………6

      G.    Baram's Frivolous, Vendetta Lawsuit Against The Attorney Defendants……………………………………………………7

ARGUMENT…………………………………………………………………………...7

    POINT I:    THE DOCTRINE OF COLLATERAL ESTOPPEL BARS PLAINTIFF'S INSTANT ACTION………………………………………7

    POINT II:    ALMOST ALL OF BARAM'S CLAIMS ARE TIME-BARRED……….9

    POINT III:    BARAM FAILS TO PLEAD A PLAUSIBLE CLAIM…………………10

      A.    Plaintiff Fails To Satisfy The Plausibility Standard..................................10

      B.    Plaintiff Fails To Plead A Defamation Claim……………………………12

          i.    The Attorney Defendants Are Immune Because Of The Absolute Litigation Privilege………………………….................12

i

ii.      The DL Firm Press Release Is Not Actionable Under Civil Rights Law § 74……………………….........................13

iii.     The "Sham Litigation" Exception Is Inapplicable………………14

      a.      Plaintiff Fails To Plead Actual Malice…………………..14

      b.      The Pending Jane Doe Lawsuit Was Prosecuted Diligently............................................................................15

iv.     Plaintiff Fails To Plead Defamation *Per Se*……………………..15

C.      Plaintiff Fails To Plead A Violation Of Judiciary Law 487……………..17

D.      Plaintiff Fails To Plead An Abuse Of Process Claim……………………19

E.      Plaintiff Fails To Plead A Malicious Prosecution Claim………………...20

F.      Plaintiff Fails To Plead An Ordinary Negligence Claim………………...21

G.      Plaintiff Fails To Plead An IIED Claim…………………………………21

H.      Plaintiff Fails To Plead A Civil Conspiracy Claim……………………..23

POINT IV:     BARAM'S ACTION IS PROCEDURALLY IMPROPER……………...23

A.      The First-To-File Rule Bars Plaintiff's Instant Action…………………..23

B.      The Prior Pending Action Doctrine Bars Plaintiff's Instant Action……..24

C.      The *Noerr-Pennington* Doctrine Bars Plaintiff's Instant Action………..25

CONCLUSION.................................................................................................... 25

# TABLE OF AUTHORITIES

***Cases***

*10 Ellicott Square Court Corp. v. Violet Realty Inc.,*
81 A.D.3d 1366 (4th Dep't 2011)………………………………………….…..………….10

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,*
626 F.3d 699 (2d Cir. 2010)…………………………………………………………...23

*Aglira v. Julien & Schlesinger, P.C.,*
214 A.D.2d 178 (1st Dep't 1995)……………………………………………...……21

*Alden Corp. v. Eazypower Corp.,*
294 F.Supp.2d 233 (D. Conn. 2003)…………………………………………………..24

*Alfred Weissman Real Est. Inc. v. Big V Supermarkets, Inc.,*
268 A.D.2d 101 (2d Dep't 2000)……………………………………...……25

*Alliance Network, LLC v. Sidley Austin LLP,*
43 Misc.3d 848 (Sup. Ct. N.Y. Cty. 2014)……………………………………………18

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)……………………………………………….……10, 11

*Batbrothers LLC v. Paushok,*
172 A.D.3d 529 (1st Dep't 2019)…………………………………………………...19

*Beary v. West Publ'g Co.,*
763 F.2d 66 (2d Cir. 1985)………………………………………………...…..……13

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)………………………………………………………...………10

*Bigio v. Coca-Cola Co.,*
675 F.3d 163 (2d Cir. 2012)……………………………………………………....23

*Bill Birds, Inc. v. Stein Law Firm, P.C.,*
35 N.Y.3d 173 (2020)…………………………………………………...……..17

*Biro v. Condé Nast,*
171 A.D.3d 463 (1st Dep't 2019)………………………………………….……………9

*Bowes v. Magna Concepts, Inc.,*
166 A.D.2d 347 (1st Dep't 1990)……………………………………………...……16

*Brackett v. Griswold,*
112 N.Y. 454 (1889)……………………………………………………………...23

*Brady v. John Goldman, Esq.,*
2016 WL 8201788 (S.D.N.Y. 2016)……………………………………………..21

*Branca v. Mayesh,*
101 A.D.2d 872 (2d Dep't 1984),
*aff'd* 63 N.Y.2d 994 (1984)……………………………………………………14

*Brancaleone v. Mesagna,*
290 A.D.2d 467 (2d Dep't 2002)……………………………………………...21

*Brash v. Richards,*
195 A.D.3d 582 (2d Dep't 2021)…………………………………...…………10

*Broughton v. State,*
37 N.Y.2d 451 (1974)…………………………………………………………20

*Brown v. Maxwell,*
929 F.3d 41 (2d Cir. 2019)……………………………………………………12

*Burt v. Smith,*
181 N.Y. 1 (1905)………………………………………………………………20

*Butler v. Ratner,*
210 A.D.2d 691 (3d Dep't 1994),
*lv. dismissed* 85 N.Y.2d 924 (1995)…………………………………………...20

*Caplan v. Tofel,*
65 A.D.3d 1180 (2d Dep't 2009)……………………………………………...19

*Casa de Meadows Inc. (Cayman Islands) v. Zama,*
76 A.D.3d 917 (1st Dep't 2010)……………………………………...…………15

*Curiano v. Suozzi,*
63 N.Y.2d 113 (1984)……………………………………………...…………19

*Curtis v. Citibank, N.A.,*
226 F.3d 133 (2d Cir. 2000)…………………………………………………...24

*DiFolco v. MSNBC Cable L.L.C.,*
831 F.Supp.2d 634 (S.D.N.Y. 2011)……………………………………………16

*Elias v. Massmillo,*
166 A.D.3d 726 (2d Dep't 2018)…………………………………………...……16

iv

*Engel v. CBS, Inc.,*
93 N.Y.2d 195 (1999)……………………………………………………………………20

*Engel v. CBS, Inc.,*
145 F.3d 499 (2d Cir. 1998)……………………………………….…………………..20

*Facebook, Inc. v. DLA Piper LLP (US),*
134 A.D.3d 610 (1st Dep't 2015)……………………………………………17, 18

*First City Nat'l Bank & Trust Co. v. Simmons,*
878 F.2d 76 (2d Cir. 1989)……………………………………………………………24

*Fischer v. Chevra Machziket H'Shechuna, Inc.,*
295 A.D.2d 227 (1st Dep't 2002)…………………………………...…………………17

*Fordham v. Islip U.F.S.D.,*
662 F.Supp.2d 261 (E.D.N.Y. 2009)………………………………………………21

*Franklin v. Daily Holdings, Inc.,*
135 A.D.3d 87 (1st Dep't 2015)……………………………….…………………...17

*Freihofer v. Hearst Corp.,*
65 N.Y.2d 135 (143 (1985)………………………………………………………22

*Front, Inc. v. Khalil,*
24 N.Y.3d 713 (2015)………………………………………………………………12

*Fuji Photo Film U.S.A., Inc. v. McNulty,*
669 F.Supp.2d 405 (S.D.N.Y. 2009)……………………………….……………14

*Godfrey v. Spano,*
13 N.Y.3d 358 (2009)………………………………………………………………16

*Gottwald v. Sebert,*
_ N.Y.3d _, 2023 WL 3959051 (June 13, 2023)……………………………………13

*Grasso v. Mathew,*
164 A.D.2d 476 (3d Dep't 1991)………………………………………...……………13

*Herlihy v. Metro. Museum of Art,*
214 A.D.2d 250 (1st Dep't 1995)……………………………………………...21

*Holy Spirit Ass'n for the Unification of World Christianity v. N.Y. Times Co.,*
49 N.Y.2d 63 (1979)…………………………………………………...……14

*Holtkamp v. Parklex Assoc.,*
30 Misc.3d 1226(A) (Sup. Ct. Kings Cty. 2011),
*aff'd* 94 A.D.3d 819 (2d Dep't 2012)……………………………………………………17

*Hornstein v. Wolf,*
109 A.D.2d 129 (2d Dep't 1985),
*aff'd* 67 N.Y.2d 721 (1986)……………………………………………………………19

*Howell v. New York Post Co.,*
81 N.Y.2d 115 (1993)……………………………………………………………………22

*Hussey v. New York State Dep't of Law/Office of Atty. Gen.,*
933 F.Supp.2d 399 (E.D.N.Y. 2013)……………………………………………………16

*I.G. Second Generation Partners, L.P. v. Reade,*
17 A.D.3d 206 (1st Dep't 2005)……………………………………………………...19, 25

*Icahn v. Raynor,*
32 Misc.3d 1224(A) (Sup. Ct. N.Y. Cty. 2011),
*aff'd sub nom. Nineteen Eighty-Nine, LLC v. Icahn Enterprises L.P.,*
99 A.D.3d 546 (1st Dep't 2012)…………………………………………………………19

*In re Hyman,*
502 F.3d 61 (2d Cir. 2007)……………………………………………………………...7

*In re Swift,*
2016 WL 355515 (Bankr. E.D.N.Y. 2016)………………………………..…………18, 21

*Jean v. Chinitz,*
163 A.D.3d 497 (1st Dep't 2018)…………………………………………………...19

*Joseph v. Larry Dorman, P.C.,*
177 A.D.2d 618 (2d Dep't 1991)…………………………………………...…12

*Kalimantano v. GmbH v. Motion in Time, Inc.,*
939 F.Supp.2d 392 (S.D.N.Y. 2013)…………………………………………….…15

*Klein v. Metropolitan Child Servs., Inc.,*
100 A.D.3d 708 (2d Dep't 2012)……………………………………………………...22

*Lacher v. Engel,*
33 A.D.3d 10 (1st Dep't 2006)…………………………………………….…………12, 13, 14, 15

*Lautman v. 2800 Coyle St. Owners Corp.,*
2014 WL 2200909 (E.D.N.Y. 2014)…………………………………………………..20

*Lazich v. Vittoria & Parker,*
189 A.D.2d 753 (2d Dep't 1993)………………………………………………..18

*Liberman v. Gelstein,*
80 N.Y.2d 429 (1992)………………………………………………………16

*Lipin v. Hunt,*
2015 WL 1344406 (S.D.N.Y. Mar. 20, 2015)………………………...……………13

*Maclaren v. B-I-W Group, Inc.,*
329 F.Supp. 545 (S.D.N.Y. 1971)………………………………………………24

*Manhattan Sports Rests. of Am., LLC v. Lieu,*
146 A.D.3d 727 (1st Dep't 2017)………………………………...…………………15

*Matter of Podolsky v. Narnoc Corp.,*
196 A.D.2d 593 (2d Dep't 1993)……………………………………………………...21

*MBF Clearing Corp. v. Shine,*
212 A.D.2d 478 (1st Dep't 1995)…………………………………………………...23

*McRedmond v. Sutton Place Rest. & Bar., Inc.,*
48 A.D.3d 258 (1st Dep't 2008)…………………………………………………14

*Meeropol v. Nizer,*
505 F.2d 232 (2d Cir. 1974)……………………………………………………...24

*Murphy v. American Home Prods. Corp.,*
58 N.Y.2d 293 (1983)………………………………………………………22

*National Equip. Rental, Ltd. v. Fowler,*
287 F.2d 43 (2d Cir. 1961)…………………………………………………23

*Nunez v. A-T Fin. Info. Inc.,*
957 F.Supp. 438 (S.D.N.Y. 1997)………………………………………………22

*O'Brien v. Alexander,*
898 F.Supp. 162 (S.D.N.Y. 1995)………………………………………………21

*Officemax Inc. v. Cinotti,*
966 F.Supp.2d 74 (E.D.N.Y. 2013)…………………………...…………………………13

*Park Knoll Assoc. v. Schmidt,*
59 N.Y.2d 205 (1983)…………………………………………………………12

*Parker v. Citizen's Bank, N.A.,*
2019 WL 556980 (S.D.N.Y. 2019)……………………………………………………12

*People ex rel. Bensky v. Warden,*
258 N.Y. 55 (1932)……………………………………………………………………12

*Pezhman v. Chanel,*
157 A.D.3d 417 (1st Dep't 2018)…………………………………………......………12

*Rother v. NYS Dep't of Corr. and Cmty. Supervision,*
970 F.Supp.2d 78 (N.D.N.Y. 2013)……………………………………………….....22

*Sacerdote v. Commack Larhette Advisors, LLC,*
939 F.3d 498 (2d Cir. 2019)………………………………………………………24, 25

*Sanchez v. Abderrahman,*
2012 WL 1077842 (E.D.N.Y. Mar. 30, 2012)…………………………………….…..18

*Sanchez v. Ehrlich,*
2018 WL 20844147 (S.D.N.Y. 2018)………………………………………………....21

*Save Power Ltd. v. Syntek Fin. Corp.,*
121 F.3d 947 (5th Cir. 1997)…………………………………………………………24

*Seldon v. Bernstein,*
503 Fed.Appx. 32 (2d Cir. 2012)…………………………………………………...18

*Singh v. NYCTL 2009-A Tr.,*
683 Fed.Appx. 76 (2d Cir. 2017)…………………………………………………...25

*Sinrod v. Stone,*
20 A.D.3d 560 (2d Dep't 2005)………………………………………………………12

*Sokol v. Sofokles,*
136 A.D.2d 535 (2d Dep't 1988)…………………………………………………..20-21

*Solow Mgmt. Corp. v. Seltzer,*
18 A.D.3d 399 (1st Dep't 2005)…………………………………………………………17

*Stephens v. Sullivan & Cromwell LLP,*
2015 WL 1608427 (S.D.N.Y. 2015)…………………………………………………21

*Tacopina v. Kerik,*
2016 WL 1268268 (S.D.N.Y. 2016)…………………………………………………17

*Taggart v. Moody's Investors Serv., Inc.,*
2007 WL 2076980 (S.D.N.Y. 2007)……………………………..……………………………21

*Ticketmaster Corp. v. Lidsky,*
245 A.D.2d 142 (1st Dep't 1997)…………………………………………………………...17

*Trepel v. Dippold,*
2006 WL 3054336 (S.D.N.Y. 2006)……………………………………………………………21

*Turley v. ISG Lackawanna, Inc.,*
774 F.3d 140 (2d Cir. 2014)………………………………………………………………...22

*United States v. The Haytian Republic,*
154 U.S. 118 (1894)………………………………………………………………………...24

*Walentas v. Johnes,*
257 A.D.2d 352 (1st Dep't 1999),
*lv. dismissed* 93 N.Y.2d 958 (1999)…………………………………………...……19

*Wexler v. Allegion (UK) Ltd.,*
374 F.Supp.3d 302 (S.D.N.Y. 2019)………………………………………………...13, 14

*Williams v. Williams,*
23 N.Y.2d 592 (1969)………………………………………………..…………………14, 19

*Yalkowsky v. Century Apts. Assoc.,*
215 A.D.2d 214 (1st Dep't 1995)……………………………………………………...18

*Youmans v. Smith,*
153 N.Y. 214 (1897)…………………………………………………………..……………12

*Young v. Suffolk County,*
705 F.Supp.2d 183 (E.D.N.Y. 2010)……………………………………….……………10

*Ziemba v. Clark,*
167 Fed.Appx. 831 (2d Cir. 2006)…………………………………………………………24

## ***Statutes***

28 U.S.C. 1927………………………………………………………………………………1

9 NYCRR 8.202.67…………………………………………………………………………10

9 NYCRR 8.202.72…………………………………………………………………………10

Fed. R. Civ. P. 9(b)………………………………………………..………………1, 17, 25

Fed. R. Civ. P. 11……………………………………………………………………………1

Fed. R. Civ. P. 12(b)(3)…………………………………………..…………………………1, 25

Fed. R. Civ. P. 12(b)(6)…………………………………………………………………1, 10, 25

N.Y. C.P.L.R. 215(3)……………………………………………….……………………9, 10

N.Y. Civil Rights Law § 74……………………………………………………………8, 13, 14

N.Y. Judiciary Law 487………………………………………………………………9, 17, 18, 19

Trafficking Victims Reauthorization Act……………..……………………………………...4

### ***Constitution***

U.S. Const. amend. 1……………………………………………………………………25

## PRELIMINARY STATEMENT

Defendants, DiCello Levitt LLP ("DL Firm"); F. Franklin Amanat, Esq. ("Amanat"); Greg Garrell Gutzler, Esq. ("Gutzler"); The Haba Law Firm, P.A. ("Haba Firm"); and Lisa Haba, Esq. ("Haba") (collectively, the "Attorney Defendants"), respectfully submit this Memorandum of Law in Support of their motion for an Order, dismissing Plaintiff Jonathan Baram's ("Plaintiff" or "Baram") Complaint, pursuant to Fed. R. Civ. P. 12(b)(3), 12(b)(6) and 9(b).

In his Complaint, Plaintiff asserts claims against the Attorney Defendants because they prosecuted a civil action against him – and continue to prosecute said action against his company, Warren & Baram Management LLC ("WBM") – on behalf of Jane Doe, a rape victim and sexual assault survivor, in an action pending before this Court styled <u>Jane Doe v. Jonathan Baram and Warren & Baram Management LLC</u>, under Case No. 1:20-cv-09522 (ER/VF) (hereinafter, the "Pending Jane Doe Lawsuit," or "PJDL").

Baram threatened the Attorney Defendants for prosecuting the Pending Jane Doe Lawsuit. [*See*, i.e., PJDL Doc. <u>91-6</u> p. 12 ("**I am going to destroy all of you** financially **and after I die I've instructed people to go after you for the rest of your lives and destroy you financially**[.]"(bold in original)); <u>*Id.*</u> p. 13 ("**My lifetime mission is to destroy and annihilate you** financially **and you will be ruined**[.]" (bold in original)); PJDL Doc. <u>91-7</u> p. 3 ("**I am also going to destroy you and all of you financially**…." (bold in original)); <u>*Id.*</u> p. 6 ("My life's mission is to destroy all of you **financially** and if I die premature others are instructioned (sic) to go after all of you and destroy you **financially ! Your law firm will be out of business and you all will lose your licenses**[.]" (bold in original)).] Baram's action is nothing more than frivolous and vexatious litigation, enabled by Plaintiff's counsel, which is the subject of separate motions for Rule 11 sanctions and for excessive costs, pursuant to 28 U.S.C. 1927.

Plaintiff's claims against the Attorney Defendants are contrary to well-settled law and are based upon patently false allegations of "facts." All of Plaintiff's claims are premised on the following two arguments: *first*, that the Attorney Defendants defamed him within allegations and statements made during the Pending Jane Doe Lawsuit; and *second*, that he was defamed in a press release published on the DL Firm's website. This Court has already ruled against Baram on both of these assertions in the Pending Jane Doe Lawsuit. [*See* PJDL Doc. 72.] Additionally, almost all of Baram's asserted claims are time-barred. Furthermore, Baram does not – because he cannot – plead any plausible claim against the Attorney Defendants. Finally, Baram's instant action is procedurally improper and subject to dismissal.

The claims asserted within this action are patently frivolous and devoid of merit. For these reasons, the Attorney Defendants are entitled to dismissal of the Complaint, with prejudice.

## STATEMENT OF PERTINENT FACTS

The pertinent claims and the substantial evidence in support thereof, as well as the relevant procedural background, are detailed within Doe's Proposed Findings of Fact and Conclusions of Law on Damages and the exhibits thereto, which were filed in the Pending Jane Doe Lawsuit on November 29, 2021, [PJDL Doc. 91], and which are incorporated more fully by reference herein.

A.    **Baram's And Nygård's Sex Trafficking And Sexual Assault Of Doe**

Baram is the sole owner and member (and president and CEO) of WBM. [*Id.* at ¶¶ 11, 19, 20.] WBM purports to be a modeling and talent agency. In 2007, Baram lured and enticed 17-year-old Doe from Ontario, Canada to New York City under the guise of representing her in an aspiring modeling career. [*Id.* at ¶¶ 32, 33.]

While in New York City, Baram took nude photos of Doe and sent them to Peter Nygård ("Nygård"), a fashion designer, who was in Manhattan at the time. After telling Doe that Nygård

liked the nude photos and wanted to meet Doe in person, Baram took Doe to another location where Nygård was waiting. [PJDL Doc. 91 at ¶¶ 41, 42.]

When they arrived, Baram and Nygård's company employees pressured 17-year-old Doe to drink alcohol, [*Id.* at ¶ 43], and Doe was drugged. [*Id.* at ¶ 44.]

Doe was then ushered into a room where Nygård was waiting. [*Id.* at ¶ 45.] Doe quickly lost consciousness, and awoke to Nygård violently raping and sodomizing her. [*Id.* at ¶¶ 47-51.] After Nygård completed his assault, Baram escorted Doe back to the apartment where Baram was staying and where WBM had arranged for her to stay while in Manhattan. [*Id.* at ¶¶ 52, 53.]

In the middle of the night, Doe awoke on the sofa where she was sleeping to find Baram forcibly groping her. [*Id.* at ¶ 55.] The next morning, she escaped from Baram and the apartment, and took a Greyhound bus back to Canada. [*Id.* at ¶ 56.]

**B.** **Baram's Sex Trafficking Scheme With Nygård**

Nygård has been indicted for sex trafficking and racketeering. Nygård's scheme involved having photographers, modeling managers and others bring him young women under false pretenses, so he could engage in coerced sexual acts with them. [*Id.* at ¶ 25.]

Baram brought young, female models to Nygård's Bahamas compound, Nygård Cay, on multiple occasions. [*Id.* at ¶ 23.] Baram flew on Nygård's private jet. [*Id.* at ¶¶ 27, 28.] During one of his visits to Nygård Cay, Baram posted a picture on social media, captioned:

HEBREW PIMP 'THE CHOSEN PEOPLE'

[*Id.* at ¶ 29.]

**C.** **Doe's Lawsuit Against Baram and His Company, WBM**

On November 12, 2020, Doe commenced the Pending Jane Doe Lawsuit against Baram and WBM. [PJDL Doc. 1.] The Attorney Defendants represent Doe. In the Complaint, Doe sets forth claims against both Baram and WBM under the Trafficking Victims Protection

Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591 et seq., and under various New York State statutes and common law causes of action, including forcible touching, attempted rape, aiding and abetting sexual battery, and conspiracy to commit sexual battery. [*See generally* PJDL Doc. 1.]

WBM did not appear in the Pending Jane Doe Lawsuit. On May 19, 2021, the Court entered a default judgment against WBM. [PJDL Doc. 44.] In November 2021, Doe submitted Proposed Findings of Fact and Conclusions of Law on Damages in support of her application for an award of damages against defaulted WBM, which remains *sub judice*. [PJDL Doc. 91.] WBM, by Baram's present counsel, moved to vacate the two-year-old default judgment entered against it, [PJDL Doc. 152], which remains *sub judice*.

Baram did appear and represented himself in the Pending Jane Doe Lawsuit until he was dismissed by Plaintiff due to his insolvent status.

**D.    The Court's Denial Of Baram's Motion To Dismiss Doe's Claims Against Him Premised On Expiration Of Statute of Limitations**

On March 9, 2021, Baram moved for dismissal of Doe's claims against him based upon a claimed expiration of the statute of limitations. [PJDL Doc. 22.] In denying Baram's dismissal motion, the Court stated:

> Baram has not yet answered the Complaint, and his letter does not demonstrate how the facts in Doe's Complaint prove that the statute of limitations has passed.
>
> ***
>
> In the Complaint, Doe has clearly alleged intentional actions by Baram causing physical and psychological harm. Doe has also alleged that she was a minor at the time of these allegations. Doe has also alleged conduct that, if proven, could constitute a sexual offense under N.Y. Penal L. § 130, including §§ 130.20 (sexual misconduct), 130.25 (third degree rape), 130.35 (first degree rape), 130.40 (third degree criminal sexual act), 130.50 (first degree criminal sexual act), 130.52 (forcible touching), 130.55 (third degree sexual abuse), 130.60 (second degree sexual abuse), 130.65 (first degree sexual abuse), 130.90 (facilitating a sex offense with a controlled substance), and 130.91 (sexually motivated felony, with sex trafficking of a child as the specified offense). Lastly, the NYCVA was signed into law and took effect on February 14, 2019, so Doe's Complaint, filed a little over a

4

year after the window opened, was filed within the revival window. Therefore, even if the statute of limitations had expired on Doe's claims, it would be revived under the NYCVA.

[PJDL Doc. 72 pp. 5; 6-7 (internal citations omitted).]

**E.  The Court's Denial Of Baram's Motion For Leave To Assert A Defamation Counterclaim And To Strike Portions Of The Complaint And The Press Release**

On August 27, 2021, Baram submitted a letter to the Court, taking issue with the allegations asserted by Doe against him within her complaint, the DL Firm's press release concerning the commencement of the Pending Jane Doe Lawsuit, and references in the complaint and the press release to the picture Baram posted on social media that he captioned "Hebrew Pimp." [PJDL Doc. 56.] Baram characterized the foregoing as including "complete false representations," [*Id.* p. 1], a "malicious act … with malicious intent" [*Id.* pp. 2-3], and that the "pimp" captioned photograph should be "stricken everywhere." [*Id.* pp. 3, 12.]

The press release referenced by Baram was issued by the DL Firm on November 18, 2020, and related to the commencement of the Pending Jane Doe Lawsuit. [PJDL Doc. 70 pp. 2-5.]

The Court interpreted Baram's August 27th letter "as both a motion for leave to file a counterclaim for defamation and a motion to strike portions of the Complaint repeated in the press release." [PJDL Doc. 72 p. 1.]

**i.  Baram's Motion to Assert Defamation Counterclaims**

The Court denied Baram's motion for leave to assert a defamation counterclaim. *First*, with respect to the allegations within Doe's complaint and reiterated by the Attorney Defendants, the Court held:

> [T]he statements at issue made during conferences with the Court are protected by the litigation privilege. The nature of Baram's alleged conduct, including whether he drugged Doe and has called himself a pimp, is directly pertinent to the claims Doe alleges in the Complaint. Therefore, statements made during those conferences are privileged, and any counterclaim alleging defamation based on the statements

would be futile. Baram's motion for leave to file a counterclaim regarding the contents of the Complaint or any statements at Court conferences is thus DENIED.

[PJDL Doc. 72 p. 8.]

*Second*, with respect to the DL Firm's press release concerning the commencement of the

Pending Jane Doe Lawsuit, the Court held:

> The press release discusses how Baram is "accused of" the various claims, and states that the lawsuit "alleges" that Baram spiked Doe's drink, among other allegations. The press release does no more than restate the allegations in the Complaint, and is a fair report of the pending judicial proceeding. Therefore, the press release and its subsequent transmittal to media outlets as alleged by Baram is immune from defamation claims. Baram's proposed counterclaim for defamation regarding the press release would thus be futile, so his motion for leave to file a counterclaim of defamation based on the press release is DENIED.

[*Id.* p. 9 (internal citations omitted).]

### ii.      Baram's Motion to Strike

The Court also denied Baram's motion to strike, stating:

> The allegations Baram references from the Complaint, which are restated in the press release, are material and pertinent to the claims Doe alleges. While the allegations may result in some prejudice to Baram, they have direct bearing on the issues in the case and can possibly be proven through admissible evidence. Baram's alleged behavior towards Doe and representations he made about himself using the word "pimp" are plainly relevant to her sex trafficking claims. Baram is entitled to dispute the claims and the meaning of the word "pimp" in discovery and subsequent proceedings, but the Court finds no reason to strike them from the Complaint. Baram's motion to strike is thus DENIED.

[*Id.* p. 10 (internal citations omitted).]

## F.      Doe's Voluntary Dismissal As Against Baram, Individually, Without Prejudice

On October 22, 2021, Doe voluntarily dismissed her claims against Baram, without prejudice. [PJDL Doc. 78.] The Attorney Defendants, as Doe's counsel, filed a letter with the Court, explaining that Baram was voluntarily dismissed because he claimed to lack any personal assets, and Doe elected to instead pursue her claims against alter ego WBM. [PJDL Doc. 75 p. 1.]

Baram moved for the dismissal to be "with prejudice," which was denied by the Court on October 27, 2021. [PJDL Doc. 83.]

## G.    Baram's Frivolous, Vendetta Lawsuit Against The Attorney Defendants

Baram's retaliatory suit is just the cumulation of his threats to destroy the Attorney Defendants because of their representation of their client (Doe) in the Pending Jane Doe Lawsuit. [PJDL Doc. 91-6 p. 12 ("**I am going to destroy all of you** financially **and after I die I've instructed people to go after you for the rest of your lives and destroy you financially**[.]" (bold in original); *Id.* p. 13 ("**My lifetime mission is to destroy and annihilate you** financially **and you will be ruined**[.]" (bold in original)); *see also* PJDL Doc. 91-7 pp. 3, 6.] There is no substance to the allegations to even detail.

## ARGUMENT

## POINT I:    THE DOCTRINE OF COLLATERAL ESTOPPEL BARS PLAINTIFF'S INSTANT ACTION.

"Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citations omitted).

In an Order dated October 15, 2021 within the Pending Jane Doe Lawsuit, this Court already decided the issues Baram now attempts to relitigate: his motion to dismiss Doe's claims, his motion for leave to assert counterclaims sounding in defamation, and his motion to strike the "pimp" reference in Doe's complaint and in the DL Firm's press release were all denied. [PJDL Doc. 72.]

Pertinent to the claims asserted herein, Baram argued that Doe, through the DL Firm, issued "false press releases." [*Id.* p. 7 (quoting PJDL Doc. 56).] As noted by the Court:

Baram is concerned with the press release's labeling of him as a "major global sex trafficker with Nygard," a "child rapist," and someone who secretly put drugs in Doe's drink. Baram also takes issue with the press release for the inclusion of an image of him from about 14 years ago with the caption "Hebrew Pimp," which he alleges was taken "out of context with malicious intent."

[PJDL Doc. 72 (quoting PJDL Doc. 56 pp. 1-2).]  The Court further noted:

Baram also takes issue with several claims that counsel for Doe made during conference calls with the Court and Baram, including allegations that he drugged Doe and that he proclaimed himself to be an illegal pimp.

[*Id.* pp. 7-8 (citing PJDL Doc. 56 pp. 2, 4).]

The Court denied Baram leave to assert a defamation counterclaim, holding:

The Court agrees with Doe that the statements at issue made during conferences with the Court are protected by the litigation privilege. The nature of Baram's alleged conduct, including whether he drugged Doe and has called himself a pimp, is directly pertinent to the claims Doe alleges in the Complaint. Therefore, statements made during those conferences are privileged, and any counterclaim alleging defamation based on the statements would be futile.

[*Id.* p. 8.]

The Court further held:

Doe argues that because the press release accurately conveys the content already pleaded in the Complaint, it is a true and fair report of judicial proceedings immune under Section 74. The Court agrees. The press release discusses how Baram is "accused of" the various claims, and states that the lawsuit "alleges" that Baram spiked Doe's drink, among other allegations. The press release does no more than restate the allegations in the Complaint, and is a fair report of the pending judicial proceeding. Therefore, the press release and its subsequent transmittal to media outlets as alleged by Baram is immune from defamation claims. Baram's proposed counterclaim for defamation regarding the press release would thus be futile ….

[*Id.* p. 9 (internal citations omitted).]

Finally, in denying Baram's request to strike the portions of the complaint and press release

that related to his social media picture captioned "HEBREW PIMP," the Court held:

The allegations Baram references from the Complaint, which are restated in the press release, are material and pertinent to the claims Doe alleges. While the allegations may result in some prejudice to Baram, they have direct bearing on the issues in the case and can possibly be proven through admissible evidence.

Baram's alleged behavior towards Doe and representations he made about himself using the word "pimp" are plainly relevant to her sex trafficking claims. Baram is entitled to dispute the claims and the meaning of the word "pimp" in discovery and subsequent proceedings, but the Court finds no reason to strike them from the Complaint.

[PJDL Doc. 72 p. 10 (internal citation omitted).]

Herein, there are no new arguments or allegations that differ in any way from those Baram put forward in connection with his prior motions in the Pending Jane Doe Lawsuit. Instead, Baram asserts the same allegations and claims that were already litigated and rejected. He cannot avoid collateral estoppel by simply dressing up the same claims under different causes of action.

**POINT II:**     <u>**ALMOST ALL OF BARAM'S CLAIMS ARE TIME-BARRED.**</u>

Almost all of the causes of action asserted against the Attorney Defendants are indisputably time-barred.[1] Baram asserts claims against the Attorney Defendants sounding in, *inter alia*, defamation, malicious prosecution, abuse of process, and intentional infliction of emotional distress ("IIED") (incorrectly captioned as "extreme and outrageous conduct").

Pertinent to the statute of limitations, the Pending Jane Doe Lawsuit was commenced by the filing of her complaint on November 12, 2020. [PJDL Doc. 1.] On November 18, 2020, the DL Firm issued a press release related to the commencement of the Pending Jane Doe Lawsuit. [PJDL Doc. 70 pp. 2-5.] On October 22, 2021, Doe voluntarily dismissed her claims against Baram, without prejudice. [PJDL Doc. 78.] Baram moved for the dismissal to be "with prejudice," which was denied by the Court on October 27, 2021. [PJDL Doc. 83.]

Plaintiff's defamation claims are subject to a one-year statute of limitations, *see* CPLR 215(3), and said claims accrue "on the date of the first publication." *Biro v. Condé Nast*, 171 A.D.3d 463, 464 (1st Dep't 2019). As such, any claim arising from allegedly defamatory statements

---

[1] All of Baram's claims are time-barred, except for his violation of Judiciary Law 487 and ordinary negligence claims.

(1) set forth within Doe's complaint accrued upon the filing of the lawsuit on November 12, 2020; and (2) set forth within the DL Firm's press release accrued upon its release on November 18, 2020. Baram had until November 2021 to pursue any such claims against the Attorney Defendants. Since the lawsuit was not commenced until February 28, 2023, these claims are time-barred.

Plaintiff's malicious prosecution, abuse of process, and IIED claims are also subject to a one-year statute of limitations, and each accrued upon the end of the conduct directed at Plaintiff, to wit – upon the voluntary dismissal of Baram from the Pending Jane Doe Lawsuit. CPLR 215(3); *10 Ellicott Square Court Corp. v. Violet Realty, Inc.*, 81 A.D.3d 1366, 1368 (4th Dep't 2011); *Young v. Suffolk County*, 705 F.Supp.2d 183, 212 (E.D.N.Y. 2010). Here, Doe voluntarily dismissed her claims against Baram on October 22, 2021. [PJDL Doc. 78.] Baram had until October 2022 to pursue these claims, and did not timely do so.

To the extent Plaintiff and his counsel may argue that the applicable statutes of limitations are tolled due to the COVID-19 pandemic, said argument is entirely frivolous as New York's statute of limitations toll/suspension expired before any of the accrual dates. *See* 9 NYCRR 8.202.67 and 8.202.72; *Brash v. Richards*, 195 A.D.3d 582, 584 (2d Dep't 2021) ("no longer in effect as of November 4, 2020"). Plaintiff's time-barred claims cannot be salvaged.

**POINT III: BARAM FAILS TO PLEAD A PLAUSIBLE CLAIM.**

**A. Plaintiff Fails To Satisfy The Plausibility Standard.**

While a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, a plaintiff cannot rely on a "formulaic recitation of the elements of a cause of action" and must, at a minimum, sufficiently plead the facts underlying the claim "to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Mere conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). In order to survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. 678 (citations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. at 681 (internal quotations and citations omitted).

As a general matter, Plaintiff's Complaint consists of self-serving, conclusory assertions. For example, Baram asserts he "was not (and he could not have been) in New York City in 2007, the year Plaintiff claims Mr. Baram trafficked her." [ECF Doc. 1 at ¶ 88.]  However, during a conference in the Pending Jane Doe Lawsuit held on February 5, 2021, Baram admitted to this Court that he lived and worked in New York and New York City during 2007, stating: "in 2007 … I also spent the majority of the week in Long Island working from home and had a virtual office in Manhattan …." [PJDL Doc. 158 at 8:21-24.] By way of another easily discredited allegation, Baram asserts: "Contrary to Jane Doe's claims, Mr. Baram and Peter Nygard were never in a 7-minute video together." [ECF Doc. 1 at ¶ 92.] However, as set forth in Doe's Proposed Findings of Fact and Conclusions of Law on Damages, Baram traveled to the Bahamas on Nygard's private jet, spent multiple days with Nygard at his private compound in the Bahamas, and they are in a seven-and-a-half-minute video playing volleyball together.  [PJDL Doc. 91 at ¶¶ 27-31.]

Further, Baram's Complaint consists of pure conjecture – assertions that the Attorney Defendants (i) "conspired" with Doe [ECF Doc. 1 at ¶ 94]; (ii) "concocted the allegations" against Baram [*Id*. at ¶ 100]; (iii) engaged in a "scheme" against Baram [*Id*. at ¶ 114]; (iv) "knew" that Doe did not know Baram [*Id*. at ¶ 95]; (v) "knew" Doe had never met Baram [*Id*. at ¶ 96]; and (vi) "knew" Baram did not work for or conspire with Nygard. [*Id*. at ¶ 97.] Baram fails to allege anything that could show how he has acquired such knowledge other than guesswork, as well as

how he could possibly know what Attorney Defendants "knew" or allegedly discussed with their client Doe. This is the vacuity of Baram's claims against the Attorney Defendants.

Moreover, contrary to these pleading requirements, each of Baram's causes of action just regurgitate the elemental requirements for each. For example, in his first cause of action sounding in malicious prosecution, Baram robotically asserts (i) the lawsuit was terminated in his favor [ECF Doc. 1 at ¶ 130]; and (ii) Doe lacked probable cause to bring her suit. [*Id.* at ¶ 132.] Baram's other claims are similarly deficiently pled.

**B.  Plaintiff Fails To Plead A Defamation Claim.**

> i.  *The Attorney Defendants Are Immune Because Of The Absolute Litigation Privilege.*

Under New York law, the Attorney Defendants are entitled to absolute immunity from Plaintiff's defamation claims because all allegations and statements at issue herein were made during the course of the Pending Jane Doe Lawsuit. *Front, Inc. v. Khalil*, 24 N.Y.3d 713, 718 (2015); *Youmans v Smith*, 153 N.Y. 214, 219 (1897); *Brown v. Maxwell*, 929 F.3d 41, 52 (2d Cir. 2019); *Parker v. Citizen's Bank, N.A.*, 2019 WL 5569680, at *2 (S.D.N.Y. 2019); *Pezhman v. Chanel*, 157 A.D.3d 417, 418 (1st Dep't 2018); *Sinrod v. Stone*, 20 A.D.3d 560, 561 (2d Dep't 2005); *Joseph v. Larry Dorman, P.C.*, 177 A.D.2d 618, 619 (2d Dep't 1991). Statements made in judicial proceedings "are afforded absolute protection so that those discharging a public function may speak freely to zealously represent their clients without fear of reprisal or financial hazard." *Front, Inc.*, 24 N.Y.3d at 718 (citing *Park Knoll Assoc. v. Schmidt*, 59 N.Y.2d 205, 209 (1983)). Immunity attaches regardless of motive. *Park Knoll Assoc.*, 59 N.Y.2d at 209. This absolute privilege applies even if the statements are only possibly pertinent to a proceeding. *Lacher v. Engel*, 33 A.D.3d 10, 13 (1st Dep't 2006); *People ex rel. Bensky v. Warden*, 258 N.Y. 55, 59 (1932). "Statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial

proceedings are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding." *Lipin v. Hunt*, 2015 WL 1344406, at *8 (S.D.N.Y. Mar. 20, 2015) (quoting *Officemax Inc. v. Cinotti*, 966 F.Supp.2d 74, 79 (E.D.N.Y. 2013)); *see also Grasso v. Mathew*, 164 A.D.2d 476, 479 (3d Dep't 1991). New York's Court of Appeals reaffirmed the absolute litigation privilege just last month. *See Gottwald v. Sebert*, _ N.Y.3d _, 2023 WL 3959051, at *3 (June 13, 2023).

Since Plaintiff does not allege any purported "defamatory" statements made by the Attorney Defendants outside the parameters of the Pending Jane Doe Lawsuit, the Attorney Defendants are entitled to absolute immunity.

      *ii.*     *The DL Firm Press Release Is Not Actionable Under Civil Rights Law § 74.*

Plaintiff's defamation claim premised upon the DL Firm's press release concerning the commencement of the Pending Jane Doe Lawsuit is equally deficient.

As a preliminary point, Plaintiff does not allege that Haba or the Haba Firm issued any such press release, yet asserts the claim against them anyway, with no factual foundation.

Further, the press release cannot give rise to a defamation claim, because it is privileged under New York Civil Rights Law § 74. Civil Rights Law § 74 provides, in relevant part: "A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding[.]" It "confers an absolute immunity, regardless of proof of malice or negligence, upon any person who publishes a 'fair and true report' of a judicial [proceeding]." *Wexler v. Allegion (UK) Ltd.*, 374 F.Supp.3d 302, 311 (S.D.N.Y. 2019) (quoting *Beary v. West Publ'g Co.*, 763 F.2d 66, 68 (2d Cir. 1985)) (alterations in original). "This includes statements published not only by the media, but also by parties or their counsel." *Id.*; *Lacher*, 33 A.D.3d at 17.

In order for a report to be characterized as 'fair and true' within the meaning of Civil Rights Law § 74, its substance need only be "substantially accurate." *Holy Spirit Ass'n for the Unification of World Christianity v. N.Y. Times Co.*, 49 N.Y.2d 63, 67 (1979). "Comments that essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within section 74's privilege." *Lacher*, 33 A.D.3d at 17; *McRedmond v. Sutton Place Rest. & Bar., Inc.*, 48 A.D.3d 258, 259 (1st Dep't 2008).

The DL Firm's press release accurately conveyed the allegations contained within the Pending Jane Doe Lawsuit complaint regarding Baram, and incorporated the complaint therein. Plaintiff does not allege that the press release contained any statements or allegations that were not contained within the complaint, and this Court has already ruled that it did not contain any such statements or allegations. This Court already went through the press release line by line and identified where each line matched a specific paragraph in the complaint. [PJDL Doc. 72 p. 2 n.4.] The press release's "true and fair" report is absolutely protected.

> iii.     The "Sham Litigation" Exception Is Inapplicable.

In *Williams v. Williams*, 23 N.Y.2d 592, 599 (1969), the Court of Appeals stated that a party that "maliciously institute[s] a judicial proceeding alleging false and defamatory charges" only to "circulate a press release or other communication based thereon" cannot escape liability for defamation. The exception is inapplicable because Plaintiff fails to plead actual malice, and the prosecution of the Pending Jane Doe Lawsuit was diligently pursued.

> a.     Plaintiff Fails To Plead Actual Malice.

The *Williams* exception is "narrow" and does not apply in the absence of allegations tending to show that the underlying action "was brought maliciously and solely" for the purpose of later defaming the defendant. *See* e.g., *Wexler*, 374 F.Supp.3d at 312 n.8; *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F.Supp.2d 405, 412 (S.D.N.Y. 2009); *Branca v. Mayesh*, 101 A.D.2d

872, 873 (2d Dep't 1984), *aff'd* 63 N.Y.2d 994 (1984); *Casa de Meadows Inc. (Cayman Islands) v. Zama*, 76 A.D.3d 917, 920 (1st Dep't 2010). The Complaint contains no such allegations. Indeed, there is no basis to conclude that the Pending Jane Doe Lawsuit was brought with actual malice when Plaintiff's company, WBM, has admitted to the allegations within Doe's complaint.

<blockquote>b.    <u>The Pending Jane Doe Lawsuit Was Prosecuted Diligently.</u></blockquote>

The sham litigation exception is also inapplicable where the underlying case has been extensively litigated. *See, e.g., Lacher*, 33 A.D.3d at 14; *Manhattan Sports Rests. of Am., LLC v. Lieu*, 146 A.D.3d 727, 727 (1st Dep't 2017); *Casa de Meadows Inc.*, 76 A.D.3d at 920.

Nor can Doe's voluntary dismissal of Baram, without prejudice, constitute a basis for Baram's claims herein. Doe need not prevail on her underlying claims against Baram to demonstrate her lawsuit was not a sham, especially when the lawsuit has successfully proceeded against Baram's company and alter ego, WBM. In fact, New York courts have repeatedly refused to apply the sham litigation exception in cases where the party who asserted the underlying "defamatory" claims lost, in whole or in part, on pre-answer motions to dismiss. *See Manhattan Sports Rests. of Am., LLC*, 146 A.D.3d at 727; *Lacher*, 33 A.D.3d at 14. Doe, through the Attorney Defendants, successfully opposed Baram's motion to dismiss the Pending Jane Doe Lawsuit complaint against him. [PJDL Doc. 72.] The Pending Jane Doe Lawsuit was diligently prosecuted against Baram, who was only dismissed since he claimed to be judgment proof. [PJDL Doc. 75.]

<blockquote>iv.    *Plaintiff Fails To Plead Defamation Per Se.*</blockquote>

Plaintiff's defamation *per se* claim fails because the allegations contained within the Pending Jane Doe Lawsuit complaint were not the sort of statement that would "tend[] to injure another in his or her trade, business, or profession." *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F.Supp.2d 392, 419 (S.D.N.Y. 2013). First, this category of statements is "limited to defamation of a kind incompatible with the proper conduct of the business, trade, profession or

office itself." *Liberman v. Gelstein*, 80 N.Y.2d 429, 436 (1992). The defamatory statement "must be made with reference to a matter of significance and importance for that purpose, rather than a more general reflection upon the plaintiff's character or qualities." *Id*. (citation omitted). Plaintiff's Complaint makes conclusory allegations that the statements in question tended to harm his reputation and cost him business opportunities. However, he fails to cite any specific instances where his profession was adversely affected by the statements. Therefore, Plaintiff's defamation *per se* claim fails. *Godfrey v. Spano*, 13 N.Y.3d 358, 373 (2009).

Second, even if the challenged statements could be said to impugn Plaintiff's professional competence or fitness, they would fall under the "single instance" rule. Under this exception to defamation *per se*, "a statement charging another with a single dereliction in connection with his or her trade, occupation or profession does not necessarily charge that party with general incompetence, ignorance or lack of skill and is not deemed actionable unless special damages are pleaded and shown." *Bowes v. Magna Concepts, Inc*., 166 A.D.2d 347, 348 (1st Dep't 1990) *see also Hussey v. New York State Dep't of Law/Office of Atty. Gen*., 933 F.Supp.2d 399, 415 (E.D.N.Y. 2013) (dismissing defamation claim under single instance rule despite supervisor's accusation that attorney "fucked up" a case); *DiFolco v. MSNBC Cable L.L.C*., 831 F.Supp.2d 634, 649 (S.D.N.Y. 2011). Here, the single instance rule would clearly apply to the allegations set forth within the Pending Jane Doe Lawsuit, as the conduct was limited to one (1) lawsuit.

And the Complaint does not allege special damages sufficient to convert his failed "defamation *per se*" claim into one for ordinary defamation. First, special damages are limited to the loss of something having economic or pecuniary value. *Elias v. Massmillo*, 166 A.D.3d 726, 727 (2d Dep't 2018). Baram's allegations of personal humiliation and mental anguish do not count. Second, to the extent Baram means to claim damages in the form of lost income, he has not alleged or identified any instances where he lost money because of the Pending Jane Doe Lawsuit. In the

context of a defamation claim, the special damages "must flow directly from the injury to reputation caused by the defamation and not from the effects of the defamation." *Franklin v. Daily Holdings, Inc*., 135 A.D.3d 87, 93 (1ˢᵗ Dep't 2015). Baram fails to plead special damages with particularity.

## C.   <u>Plaintiff Fails To Plead A Violation Of Judiciary Law 487.</u>

To plead a claim under Judiciary Law 487, a plaintiff must allege that the defendant-attorney: (1) is guilty of deceit or collusion, or consented to any deceit or collusion; and (2) had an intent to deceive the court or any party. Rule 9(b)'s heightened pleading requirement is applicable to Plaintiff's Judiciary Law 487 claim. *Bill Birds, Inc. v. Stein Law Firm, P.C*., 35 N.Y.3d 173, 178 (2020).

To allege a cognizable claim under Judiciary Law 487, there must also be "a chronic and extreme pattern of legal delinquency." *Solow Mgmt. Corp. v Seltzer*, 18 A.D.3d 399, 400 (1ˢᵗ Dep't 2005). Plaintiff has failed to allege a chronic and extreme pattern.

Furthermore, "[t]he statute does not encompass the filing of a pleading or brief containing nonmeritorious legal arguments[.]" *Bill Birds, Inc*., 35 N.Y.3d at 180; *Facebook, Inc. v. DLA Piper LLP (US)*, 134 A.D.3d 610, 615 (1ˢᵗ Dep't 2015); *see also Holtkamp v. Parklex Assoc*., 30 Misc.3d 1226(A), at *9 n.9 (Sup. Ct. Kings Cty. 2011), *aff'd* 94 A.D.3d 819 (2d Dep't 2012); *Fischer v. Chevra Machziket H'Shechuna, Inc*., 295 A.D.2d 227, 228 (1ˢᵗ Dep't 2002). To the contrary, the "'[a]ssertion of unfounded allegations in a pleading, even if made for improper purposes, does not provide a basis for liability' under Section 487." *Tacopina v. Kerik*, 2016 WL 1268268, at *6 (S.D.N.Y. 2016) (quoting *Ticketmaster Corp. v. Lidsky*, 245 A.D.2d 142, 143 (1ˢᵗ Dep't 1997)) (alteration omitted). Here, Plaintiff's claim asserts that the Attorney Defendants improperly commenced and prosecuted the Pending Jane Doe Lawsuit on behalf of Doe. However, when an

attorney advocates on behalf of a client – even if the client's position is ultimately disproved or, worse, "even if made for improper purposes" – no Judiciary Law 487 claim is stated.

Moreover, if Plaintiff believed that the Attorney Defendants violated Judiciary Law 487, he was required to raise their alleged deceit during the Pending Jane Doe Action. *Yalkowsky v. Century Apts. Assoc.*, 215 A.D.2d 214, 215 (1st Dep't 1995); *see also Seldon v. Bernstein*, 503 Fed.Appx. 32, 33 (2d Cir. 2012) (collecting cases); *In re Swift*, 2016 WL 355515, at *6 (Bankr. E.D.N.Y. 2016); *Sanchez v. Abderrahman*, 2012 WL 1077842, at *12 (E.D.N.Y. Mar. 30, 2012). Plaintiff did just that, lost, and he does not get another "shot" by commencing a plenary action.

Third, none of the allegations set forth in the Complaint rises to the necessary level of "egregiousness" to support a claim for violation of Judiciary Law 487. Each of the allegations and statements were made by the Attorney Defendants on behalf of their client Doe "within the confines of an adversarial proceeding, in the context of advocating for [the lawyer's client]." *Alliance Network, LLC v. Sidley Austin LLP*, 43 Misc.3d 848, 859 (Sup. Ct. N.Y. Cty. 2014); *Lazich v. Vittoria & Parker*, 189 A.D.2d 753, 754 (2d Dep't 1993). The mere fact that Plaintiff disagrees with the Attorney Defendants' legal arguments is insufficient to raise the legal positions taken to "intentional egregious misconduct" necessary to support such a claim.

Additionally, the Judiciary Law 487 claim must be dismissed because Plaintiff has failed to allege scienter with requisite particularity. *See Facebook, Inc.*, 134 A.D.3d at 615. Each of Plaintiff's Judiciary Law 487 allegations is prefaced by the conclusory statement that the Attorney Defendants, in essence, intentionally and knowingly made false claims during the Pending Jane Doe Lawsuit, intending to mislead this Court. This conclusory allegation, without the requisite heightened particularity, is insufficient and mandates dismissal.

Finally, Plaintiff's Judiciary Law 487 claim must be dismissed for failure to allege proximately caused damages. *See Jean v. Chinitz*, 163 A.D.3d 497, 497 (1st Dep't 2018). Again, Plaintiff's self-serving assertion that he somehow sustained pecuniary harm is fatal to his claim.

**D.      Plaintiff Fails To Plead An Abuse Of Process Claim.**

In order to plead a claim for abuse of process, Plaintiff must establish: (1) regularly issued process; (2) an intent to do harm without excuse or justification; and (3) use of the process in a perverted manner to obtain a collateral objective. *Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984). The process must involve "an unlawful interference with one's person or property." *Curiano*, 63 N.Y.2d at 116 (citing *Williams*, 23 N.Y.2d at 596). Stated another way, abuse of process is the misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process. *Hornstein v. Wolf*, 109 A.D.2d 129, 133 (2d Dep't 1985), *aff'd* 67 N.Y.2d 721 (1986).

Plaintiff has utterly failed to allege how the Attorney Defendants engaged in the misuse of process outside a justified purpose. As a preliminary point, Plaintiff's conclusory elemental recitation is insufficient to establish that the Attorney Defendants acted with intent to do harm, or that process was misused for an unjustified purpose. *Icahn v. Raynor*, 32 Misc.3d 1224(A), at *6 (Sup. Ct. N.Y. Cty. 2011), *aff'd sub nom. Nineteen Eighty-Nine, LLC v. Icahn Enterprises L.P.*, 99 A.D.3d 546 (1st Dep't 2012); *Caplan v. Tofel*, 65 A.D.3d 1180, 1181 (2d Dep't 2009).

Moreover, the Attorney Defendants' commencement of the Pending Jane Doe Lawsuit against Baram is insufficient to sustain a claim for abuse of process – even when it is alleged that the lawsuit was commenced with malicious intent. *Batbrothers LLC v. Paushok*, 172 A.D.3d 529, 530 (1st Dep't 2019); *I.G. Second Generation Partners, L.P. v. Reade*, 17 A.D.3d 206, 207 (1st Dep't 2005); *Walentas v. Johnes*, 257 A.D.2d 352, 354 (1st Dep't 1999), *lv. dismissed* 93 N.Y.2d 958 (1999). Finally, he fails to plead what "unlawful interference" occurred with regard to his person or property.

### E.    Plaintiff Fails To Plead A Malicious Prosecution Claim.

"In order to prevail in an action for malicious prosecution in New York, a plaintiff must show: (1) the initiation of an action by the defendant against [him], (2) begun with malice, (3) without probable cause to believe it can succeed, (4) that ends in failure or, in other words, terminates in favor of party asserting the malicious prosecution claim. In addition, if the proceeding of which plaintiff complains was a civil action, the plaintiff must prove special injury – some interference with [the] plaintiff's person or property … beyond the ordinary burden of defending a lawsuit." *Engel v. CBS, Inc.*, 145 F.3d 499, 502 (2d Cir. 1998) (internal quotations and citations omitted).

With respect to the element of probable cause, a plaintiff must allege that the underlying action was filed with "a purpose other than the adjudication of a claim" and that there was "an entire lack of probable cause in the prior proceeding." *Engel v. CBS, Inc.*, 93 N.Y.2d 195, 204 (1999). The lack of probable cause must be "patent." *Butler v. Ratner*, 210 A.D.2d 691, 693 (3d Dep't 1994), *lv. dismissed* 85 N.Y.2d 924 (1995). In a malicious prosecution action, the burden of proof to establish a want of probable cause is on the plaintiff. *Burt v. Smith*, 181 N.Y. 1, 10 (1905).

As discussed herein, Plaintiff has not alleged "malice" in the commencement and prosecution of the Pending Jane Doe Lawsuit. Further, New York "recognizes the prima facie validity of actions where there has been a judicial evaluation." *Broughton v. State*, 37 N.Y.2d 451, 458 (1974). Here, Doe, through the Attorney Defendants, defeated Baram's motion for dismissal. [PJDL Doc. 72.] This prior judicial evaluation and acceptance of facial validity of the allegations by this Court is fatal to Plaintiff's malicious prosecution claim.

Also, Doe's voluntary dismissal – without prejudice – does not constitute a favorable termination for Baram on the merits. *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 WL 2200909, at *9 (E.D.N.Y. 2014) (voluntary discontinuance does not constitute favorable termination); *Sokol*

*v. Sofokles*, 136 A.D.2d 535, 536 (2d Dep't 1988) (dismissal without prejudice not a favorable determination on the merits); *O'Brien v. Alexander*, 898 F.Supp. 162, 167 (S.D.N.Y. 1995) (collecting cases in criminal context). This is especially true because the case against Baram's corporate alter ego, WBM, was *not* dismissed and resulted in a favorable outcome for *Doe*, by virtue of WBM's willful default and admission to the allegations in the complaint. Moreover, Baram fails to plead any special injury.

**F.**     **Plaintiff Fails To Plead An Ordinary Negligence Claim.**

It is undisputed that the Attorney Defendants represented Baram's adversary, Doe, in the Pending Jane Doe Lawsuit. An "attorney does not owe a duty of care to his adversary or one with whom he is not in privity." *Aglira v. Julien & Schlesinger, P.C.*, 214 A.D.2d 178, 183 (1st Dep't 1995) (citing *Matter of Podolsky v. Narnoc Corp.*, 196 A.D.2d 593 (2d Dep't 1993)); *Sanchez v. Ehrlich*, 2018 WL 2084147, at *6 (S.D.N.Y. 2018); *Trepel v. Dippold*, 2006 WL 3054336, at *6 (S.D.N.Y. 2006). With a lack of duty, Plaintiff's negligence claim fails.

**G.**     **Plaintiff Fails To Plead An IIED Claim.**

Plaintiff's IIED claim is subject to dismissal as duplicative of his defamation claim asserted against the Attorney Defendants. *Fordham v. Islip U.F.S.D.*, 662 F.Supp.2d 261, 276 (E.D.N.Y. 2009); *Brancaleone v. Mesagna*, 290 A.D.2d 467, 468 (2d Dep't 2002); *Herlihy v. Metro. Museum of Art*, 214 A.D.2d 250, 263 (1st Dep't 1995).

Further, given the overlap of the IIED claim with the defamation claim, the absolute litigation privilege also bars Baram's IIED claim. *Stephens v. Sullivan & Cromwell LLP*, 2015 WL 1608427, at *4 (S.D.N.Y. 2015); *In re Swift*, 2016 WL 355515, at *4 ("the [litigation] privilege is ... applicable to intentional infliction of emotional distress claims"); *Taggart v. Moody's Investors Serv., Inc.*, 2007 WL 2076980, at *6 (S.D.N.Y. 2007); *Brady v. John Goldman, Esq.*, 2016 WL 8201788, at *8 (S.D.N.Y. 2016).

Moreover, the emotional distress claim is insufficiently pled. "The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress." *Klein v. Metropolitan Child Servs., Inc.*, 100 A.D.3d 708, 710 (2d Dep't 2012); *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993).

For the IIED claim to survive, Plaintiff must allege "conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983). In order to state a claim for "extreme and outrageous conduct," a plaintiff must allege that defendant's conduct "'so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society.'" *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 157 (2d Cir. 2014) (quoting *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 143 (1985)). The Attorney Defendants' advocacy on behalf of their client Doe, and rendering of legal services in the prosecution of the Pending Jane Doe Lawsuit were not "so outrageous in character, and so extreme in degree," *Murphy*, 58 N.Y.2d at 303, to constitute IIED.

Additionally, "New York courts appear to require that plaintiff[] allege either an unrelenting campaign of day in, day out harassment or that the harassment was accompanied by physical threats, in order to state a cognizable claim[.]" *Nunez v. A-T Fin. Info. Inc.*, 957 F.Supp. 438, 442 (S.D.N.Y. 1997) (internal quotation and citation omitted); *Rother v. NYS Dep't of Corr. and Cmty. Supervision*, 970 F.Supp.2d 78, 104-05 (N.D.N.Y. 2013). Neither exists herein.

Further, as already detailed, Plaintiff fails to plead with heightened particularity the Attorney Defendants' "intent" to cause him harm.

## H. Plaintiff Fails To Plead A Civil Conspiracy Claim.

To the extent the Complaint asserts a civil conspiracy claim against the Attorney Defendants, it fails. "New York does not recognize a substantive tort of conspiracy." *MBF Clearing Corp. v. Shine*, 212 A.D.2d 478, 479 (1st Dep't 1995); *Brackett v. Griswold*, 112 N.Y. 454, 467 (1889). Given the lack of a viable underlying tort, the conspiracy claim is not viable.

Moreover, to state a claim for civil conspiracy, a plaintiff must plead, in addition to an underlying tort**,** the following: "(1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 176 (2d Cir. 2012). Plaintiff has failed to plead the remaining elements of a conspiracy cause of action. Plaintiff has not adequately alleged any agreement between the Attorney Defendants, Doe, or others. Plaintiff's self-serving and conclusory allegations do not suffice.

Further, Plaintiff has not alleged any overt act by the Attorney Defendants in furtherance of any such agreement. Nor has Plaintiff pled that any of the Attorney Defendants participated in the furtherance of a plan or purpose behind the alleged conspiracy. Again, the legal services rendered by the Attorney Defendants during the prosecution of the Pending Jane Doe Lawsuit, by themselves, do not constitute a viable basis to assert a plausible conspiratorial scheme.

## POINT IV: BARAM'S ACTION IS PROCEDURALLY IMPROPER.

### A. The First-To-File Rule Bars Plaintiff's Instant Action.

"When a case is brought in one federal district court [and the complaint] embraces essentially the same transactions as those in a case pending in another federal district court, the latter court may enjoin the suitor in the more recently commenced case from taking any further action in the prosecution of that case." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722–23 (2d Cir. 2010) (quoting *National Equip. Rental, Ltd. v. Fowler*, 287 F.2d

43, 45 (2d Cir. 1961)). "The first to file rule embodies considerations of judicial administration and conservation of resources." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989).

"In determining if the first-filed rule applies, the court must carefully consider whether in fact the suits are duplicative." *Alden Corp. v. Eazypower Corp*., 294 F.Supp.2d 233, 235 (D. Conn. 2003) (citing *Curtis v. Citibank, N.A*., 226 F.3d 133, 133 (2d Cir. 2000)). The rule does not require identical parties, but merely requires "substantial overlap." *Save Power Ltd. v. Syntek Fin. Corp*., 121 F.3d 947, 951 (5th Cir. 1997); *Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974); *Maclaren v. B–I–W Group, Inc*., 329 F.Supp. 545, 547 (S.D.N.Y. 1971).

Here, it is readily apparent that (i)  the Pending Jane Doe Lawsuit was filed first; (ii) there is a substantial overlap of parties; and (iii) there is duplication of issues, given that Baram has raised, argued and lost the claims he asserts herein.

**B.       The Prior Pending Action Doctrine Bars Plaintiff's Instant Action.**

"A district court may stay or dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket." *Ziemba v. Clark*, 167 Fed.Appx. 831, 832 (2d Cir. 2006). "[A] plaintiff has no right to maintain two actions on the same subject in the same court, against the same defendants at the same time." *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (internal citations and quotations omitted). Just like with the first-to-file rule, the prior pending action doctrine is properly invoked where the actions are "the same," *i.e.*, there must be "the same parties ... the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis of the relief sought must be the same." *Id*. (quoting *United States v. The Haytian Republic*, 154 U.S. 118, 124 (1894)) (internal quotations omitted). "Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action,

or unless there are special circumstances which justify giving priority to the second." *Sacerdote*, 939 F.3d at 504.

Again, the Pending Jane Doe Lawsuit was filed first, the parties overlap, and there is a duplication of issues – already raised and litigated.

**C.**     **The *Noerr-Pennington* Doctrine Bars Plaintiff's Instant Action.**

"The First Amendment guarantees 'the right of the people ... to petition the Government for a redress of grievances.'" *Alfred Weissman Real Est., Inc. v. Big V Supermarkets, Inc.*, 268 A.D.2d 101, 106 (2d Dep't 2000) (quoting U.S. Const. amend. 1). "[P]etitions made to the executive or judicial branches of government, e.g., in the form of administrative or legal proceedings, are exempt from antitrust liability even though the parties seek ultimately to impede their competitors through these actions." *Alfred Weissman Real Est., Inc.*, 268 A.D.2d at 107. The doctrine has been expanded to protect the "filing of litigation," *I.G. Second Generation Partners, L.P.*, 17 A.D.3d at 208 (citations omitted), and "concerted efforts incident to litigation." *Singh v. NYCTL 2009-A Tr.*, 683 Fed.Appx. 76, 77 (2d Cir. 2017).

Here, the Attorney Defendants' presentment of Doe's claims against Baram, in the form of the filing of the litigation and the presentment of the complaint and arguments therein, is protected by the *Noerr-Pennington* doctrine.

**CONCLUSION**

For the foregoing reasons, the Attorney Defendants respectfully request that this Court issue an Order: pursuant to Fed. R. Civ. P. 12(b)(3), 12(b)(6) and 9(b), dismissing Plaintiff's Complaint, with prejudice.

Dated: Woodbury, New York
July 12, 2023

**KAUFMAN DOLOWICH & VOLUCK, LLP**
*Attorneys for Defendants*
*DiCello Levitt LLC; The Haba Law Firm, P.A.;*
*F. Franklin Amanat, Esq.; Greg Garrell*
*Gutzler, Esq.; and Lisa Haba, Esq.*

_____
Brett A. Scher, Esq.
Anthony J. Proscia, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797